UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KONECRANES, INC., ) | |
|     *Plaintiff/Counter-Defendant*, ) | |
| ) | |
| *vs.* ) | 1:12-cv-1700-JMS-MJD |
| ) | |
| BRIAN SCOTT DAVIS, *et al.*, ) | |
|     *Defendants/Counter-Plaintiffs.* ) | |

## ORDER

On July 25, 2013, Plaintiff/Counter-Defendant Konecranes, Inc. ("Konecranes") answered the Defendants/Counter-Plaintiffs' Counterclaim. [Dkt. 54.] In that answer, Konecranes denies that Count I (Unfair Competition) of the Defendants' counterclaims is compulsory under Federal Rule of Civil Procedure 13(a), asserts that Count I is subject to a mandatory arbitration provision, and denies that this Court is the proper venue for Count I. [Dkt. 54 at 2 ¶ 4, 3 ¶ 6.] Konecranes admits that the Court has jurisdiction over Count II (Abuse of Process) as a compulsory counterclaim and that venue is proper with regard to that count. [*Id.*] The same day it filed its answer, Konecranes also filed a Motion to Dismiss for Improper Venue (Count I) and Motion to Dismiss for Failure to State a Claim (Count II). [Dkt. 55.]

An assertion in Konecranes' Answer gives the Court pause about ruling on its motion. Specifically, Konecranes denies that the Court has diversity jurisdiction over the Defendants' counterclaims "as there are no facts pled that suggest that the amount in controversy exceeds $75,000." [*Id.* at 2-3 ¶ 5.] Konecranes does not specify which counterclaim it is addressing with that statement, which, in fact, refers to both "counterclaims." [*Id.*]

The Court has supplemental jurisdiction over compulsory counterclaims under 28 U.S.C. § 1367. Fed. R. Civ. Pro. 13(a); *Oak Park Trust & Sav. Bank v. Therkildsen*, 209 F.3d 648, 651

- 2 -

(7th Cir. 2000). Permissive counterclaims, however, fall outside of supplemental jurisdiction and require "an independent basis of federal jurisdiction." *Id.*

The Court **ORDERS** the parties to conduct whatever investigation is necessary and file a joint statement, or competing statements if they cannot agree, by **August 9, 2013**, detailing each party's position as to whether each counterclaim is compulsory or permissive and, if either of them is permissive, the independent basis for the Court's jurisdiction over that claim.

07/29/2013

*[Signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

James Dimos
FROST BROWN TODD LLC
jdimos@fbtlaw.com

Kevin Nicholas Tharp
RILEY BENNETT & EGLOFF LLP
ktharp@rbelaw.com

Joel E. Tragesser
FROST BROWN TODD LLC
jtragesser@fbtlaw.com